Filed 7/26/24  P. v. Posey CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL SCOTT POSEY,<br><br>    Defendant and Appellant. | A169370<br><br>(Napa County Super. Ct.<br>No. CR122583) |

Michael Scott Posey appeals from the trial court's denial of his petition for relief pursuant to Penal Code section 1172.6.[1]  Section 1172.6 allows a "person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime" to petition to have the murder conviction vacated and to be resentenced if the conviction would not be valid under the recent amendments to sections 188 and 189. (§ 1172.6, subd. (a).) At the hearing Posey's attorney stated Posey did not qualify for resentencing and submitted on the prosecutor's opposition brief. The trial court agreed and denied the request for relief pursuant to section 1172.6. Posey filed a supplemental brief arguing the court erred in denying his petition for relief. We disagree.

---

[1] Undesignated statutory references are to the Penal Code.

1

## BACKGROUND

As described in our prior opinion in this matter, "[d]efendant's estranged wife, Elizabeth Posey (Liz) [fn. omitted], was shot to death when she went to defendant's house to drop off the couple's children for a weekend visit. She died from a contact shot to the head; the muzzle of the gun had been pressed under her chin against the skin. Defendant told the police the gun discharged accidentally during a struggle to disarm Liz after she tried to kill him because he reneged on a promise to pay a $2,000 expense." (*People v. Posey* (Jan. 22, 2009, A118361) [nonpub. opn.] at p. 1–2.)

"The prosecution maintained that defendant planned to murder Liz when she came to the house and did so by holding her down and shooting her in the head. The prosecution presented numerous police officers and forensic scientists who testified that the defendant's account of the shooting was inconsistent with the physical evidence. The prosecution also presented evidence that Liz was too frightened and intimidated by defendant to attack him as defendant claimed and that defendant, not Liz, had a reputation for violent behavior." (*People v. Posey*, *supra*, A118361 at p. 2.)

Nothing in the record suggests anyone else other than Posey was involved in the murder of Liz. No jury instructions were given on aiding and abetting. The court did instruct on excusable homicide; on justifiable homicide; on imperfect self-defense; on manslaughter; on murder with express and implied malice; and on provocation to reduce first-degree to second-degree murder.

## DISCUSSION

### I. Relevant Legal Principles and Standard of Review

Under section 1172.6 a person convicted of felony murder or murder under the natural or probable consequences doctrine or other theory under

2

which malice is imputed to a person based solely on that person's participation in a crime may petition to have the conviction vacated and to be resentenced on any remaining counts. "A petitioner is ineligible for section 1172.6 relief as a matter of law if, for example, the jury instructions show that the jurors were not instructed on any theory of liability affected by Senate Bill 1437's changes to sections 188 and 189. [Citation.] A petitioner is also ineligible for relief if the record of conviction shows that their conviction was based on a theory of liability that remains valid under Senate Bill 1437. [Citation.] We review de novo a trial court's prima facie determination that a petitioner is ineligible for section 1172.6 relief as a matter of law." (*People v. Allen* (2023) 97 Cal.App.5th 389, 395.)

## II. Analysis

Posey's supplemental brief argues section 1172.6 "does not exclude actual perpetrators [nor] particular forms of malice." As discussed above section 1172.6 applies to persons convicted of felony murder, murder under the natural or probable consequences doctrine, or other theory under which malice is imputed to a person based solely on that person's participation in a crime. None of these apply to Posey. The jury rejected Posey's version of events and convicted Posey of first-degree murder with a true finding of personal use of a firearm. In order to find Posey guilty of first-degree murder the jury had to find Posey intended to kill his wife. Intent to kill is express malice. As such, the trial court was correct in determining Posey was not eligible for resentencing under section 1172.6.

Posey makes further arguments as to the sufficiency of the evidence and error in admitting certain evidence at trial. These arguments are not relevant to a petition for resentencing pursuant to section 1172.6.

3

## DISPOSITION

The trial court's order is affirmed.



DOUGLAS, J.*


We concur:

BROWN, P.J.
GOLDMAN, J.


*People v. Posey* (A169370)

---

* Judge of the Superior Court of California, County of Contra Costa, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4